UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK G. COOLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN SUTTON, WARDEN,<br><br>　　　　Defendant. | Case No. 1:19-cv-01804-JDP<br><br>SCREENING ORDER<br><br>FIRST AMENDED COMPLAINT DUE IN SIXTY DAYS<br><br>ECF No. 1 |

Plaintiff Roderick Cooley is a state prisoner proceeding without counsel and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint is before the court for screening. Plaintiff claims that another inmate bit off his earlobe, and implies that prison officials knew this inmate was dangerous before the attack. *See* ECF No. 1 at 5. The court has screened the complaint and finds that it fails to state a claim. The court gives plaintiff leave to file an amended complaint within 60 days. If plaintiff chooses to amend, he should consider listing defendants other than the warden and must describe more specifically the acts or omissions of the defendants. He should also consider using a complaint form.

**SCREENING AND PLEADING REQUIREMENTS**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

1

require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id*. at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**DISCUSSION**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law *caused* an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). Supervisors are not liable for the acts of their employees. *See Iqbal*, 556 U.S. at 676 (2009). Instead, "a plaintiff must plead that each . . . defendant, through the official's own

individual actions, has violated the Constitution." *Id.*

Plaintiff's complaint names only the warden of his prison as a defendant.[1] But the complaint does not describe any of the warden's actions. This is not sufficient to state a claim. (The complaint does describe the actions of other prison officers, but the court does not know whether plaintiff intended to name these officers as defendants. If plaintiff amends his complaint, he should clarify this issue.)

The court will also describe some substantive law that may be relevant, should plaintiff choose to amend. Prison officials "have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Officials violate this duty when (1) the alleged deprivation is "objectively, sufficiently serious" and (2) the officials acted with state of mind that was "deliberately indifferent." *Id.* at 834. The allegations in plaintiff's complaint must be "sufficient to raise an inference that the prison officials acted with deliberate indifference, or knew that [plaintiff] faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (internal citations and quotation marks omitted).

**CONCLUSION AND ORDER**

We have screened plaintiff's complaint and find that it fails to state a cognizable federal claim against any defendant. Plaintiff may file an amended complaint if he wishes to proceed with this suit. An amended complaint would need to allege what each defendant did and why those actions violated plaintiff's constitutional rights. If plaintiff fails to amend his complaint within sixty days, the court will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint,[2] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff

---

[1] The caption of plaintiff's complaint names "John Sutton; and et. al." as defendants. *See* ECF No. 1 at 1. Plaintiff may thus have intended to proceed against more than one defendant; however, plaintiff must name *each* defendant at the beginning of his complaint. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").

[2] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507

of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly,

1. Within sixty days from the service of this order, plaintiff must file a First Amended Complaint.

2. Failure to comply with this order will result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

---

F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

4

IT IS SO ORDERED.

Dated:   April 14, 2020        _____
                                                  UNITED STATES MAGISTRATE JUDGE

No. 205.