UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK G. COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN SUTTON, Warden<br><br>Defendant. | No. 1:19-cv-0001804-HBK<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE[1]<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ORDER TO ASSIGN A DISTRICT JUDGE |

I.   FACTS AND BACKGROUND

Plaintiff Roderick G. Cooley is a current or former state prisoner proceeding *pro se* on his civil rights complaint filed under 42 U.S.C. § 1983. Doc. No. 1. On April 15, 2020, the former magistrate judge screened plaintiff's complaint and directed plaintiff to file an amended complaint within sixty (60) days. Doc. No. 7. Plaintiff was duly advised that his failure to file an amended complaint will result in a dismissal of this action. *Id*. at ¶2. As of this date, plaintiff has not filed an amended complaint and the time to do so has expired. *See* docket. Further, on November 25, 2020, mail sent from the court to plaintiff was returned as undeliverable. Plaintiff's address change was due by February 1, 2021. As of the date on this Findings and Recommendations, Plaintiff has not updated his address, contacted the court, or filed the amended complaint in compliance with

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

the Court's April 15, 2020 order.

## II.    APPLICIABLE LAW

This court's Local Rules require litigants to keep the court apprised of their current address, specifically providing:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

E.D. Cal. Loc.  R. 183(b) (2019).  Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court.  Precedent supports a dismissal of a case when a litigant fails to keep the court appraised on his address.  *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after *pro se* plaintiff did not comply with local rule requiring *pro se* plaintiffs keep court apprised of addresses at all times); *Hanley v. Opinski*, Case No. 1:16-cv-391-DAD-SAB, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to prosecute and failure to provide court with current address).

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; (5) the availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting court that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors

and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

### III.    ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case.  The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d at 990-91.  Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated.  This court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d at 644  (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Finally a less drastic remedies in lieu of dismissal, such as, directing plaintiff to submit an updated address, or an order to show cause why the case should not be dismissed for failure to comply with Local Rules would be an act of futility because the order would be returned without delivery.  Additionally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with

prejudice, thereby addressing the fifth factor.

Plaintiff failed to comply with the Court's April 15, 2020 order and file an amended complaint, despite being warned that his case would be dismissed. *See* Doc. No. 7. Further, contrary to Local Rule 183(b), more than 63 days have passed since mail was returned as undeliverable and plaintiff has not updated his mailing address or otherwise contacted the court. After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rules 110 and 183(b).

Accordingly, it is **ORDERED**:

The Clerk shall assign a District Judge to this case.

It is further **RECOMMENDED**:

This case be dismissed without prejudice and the Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 9, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE